UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN-SOUTHERN DIVISION

In Re:                                             Case No. 10-36188
                                                     Chapter 13
Richard & Darlene Doane,                      Hon. Daniel S. Opperman

       Assisted Person(s).
_____/

                                **CHAPTER 13 PLAN**
      [X] Original          [ ] Pre-Confirmation [ ] Post-Confirmation
                                 Modification # _____

This plan will use the term "Assisted Person" to refer to the person or both persons who filed the petition for relief in this case. Terms listed after [ ] are applicable only if the box is checked or otherwise filled. The Assisted Person and creditors will be bound by the terms of this Plan upon its confirmation. ANY OBJECTION TO CONFIRMATION OF THIS PLAN MUST BE FILED BY THE DEADLINE FIXED BY COURT RULE OR BY COURT ORDER.

## 1.FUNDING OF PLAN

The assisted person will make periodic payments to the Trustee for a term of [ ] 3 years; [X] 5 years; [ ] _____ months.

[ ] The plan shall extend longer than three years because of feasibility.

The effective date of the plan shall be the date of confirmation. The plan shall be completed when the Trustee has received all of the payments required by this plan, regardless of the percentage of recovery creditors might have received.

The future earnings of the assisted person shall be submitted to the supervision and control of the Trustee who shall receive payments from the assisted person

        [ ] $_____ weekly
        [ ] $_____ bi-weekly
        [ ] $_____ semi-monthly
        [X] $__122____ monthly

[ ] Additionally, the assisted person commits for payment into the plan [ ] 100% [ ] 50% [ ] 50% but not less than $_____ each year of all future income tax refunds to which the assisted person is entitled during the duration of the plan and the assisted person shall not alter any withholding exemptions without first obtaining approval from the Trustee.

[ ] Other funding provision of the plan are as follows: _____.

## 2. DISBURSEMENTS

From the funds received by the assisted person, the Trustee shall make disbursements as follows:

**A)** **Adequate Protection Pre-Confirmation & Until the Effective Date of the Plan - Payment by Trustee**

1. **Conditions of Disbursements:** The Trustee shall disburse pre-confirmation payments under 11 U.S.C. §1322(a)(1) to creditors holding purchase money security interests in personal property and to lessors of personal property if:

    a) Funds are available;
    b) A proof of claim with adequate proof of a security interest attached which sets forth the amount of the monthly obligation is filed and served on the Trustee and the assisted person by the 14th day of the month prior to the next regularly scheduled disbursement by the Trustee;
    c) The plan proposes that the claim will be paid through the plan by the Trustee
    d) The plan proposes that the assisted person will retain possession of the secured or leased property; and,
    e) A stay is in effect as to the secured or leased property.

2. **Timing of Disbursement:** The Trustee's disbursements shall be made monthly.

3. **Amount of Disbursement:** Unless the Court orders otherwise for good cause shown under 11 U.S.C. §1322(a)(3), the disbursements shall 30% of the assisted person's regular monthly obligation to secured creditors and 100% of the assisted person's regular monthly obligation to personal property lessors. If the Trustee has insufficient funds on hand to make all of the required disbursements, the disbursements shall be made pro rata based on the monthly payments required.

**B)** **Domestic Support Obligation**

The Trustee shall pay all allowed unsecured claims for domestic support obligations that are owed pre-petition to a spouse, former spouse, or child of the assisted person, or such child's parent, legal guardian, or responsible relative, without regard to whether the claim is filed by such person or a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit post-petition shall be applied and distributed in accordance with applicable nonbankruptcy law. THIS PRIORITY INCLUDES DOMESTIC SUPPORT CLAIMS THAT HAVE BEEN ASSIGNED TO A GOVERNMENTAL UNIT, UNLESS THE ASSIGNMENT WAS DONE VOLUNTARILY FOR THE PURPOSE OF COLLECTION.

**C)** **Administrative Expense Claims**

The Trustee shall pay any unpaid filing fees due the Clerk. next, the Trustee pay the administrative expenses of the estate. Thereafter, the Trustee shall pay the assisted person's unpaid attorney's fees in an amount as determined by the Court.

**D) Secured Claims - Mortgage or Executory Land Contract**
   **1. Residential Mortgage**

[ X ] Bank of America         holds a mortgage on the assisted person's residence. This creditor shall retain the lien on the residence. ***Surrender.***

Starting with the effective date of this plan, the Trustee shall pay $_____ per month which includes interest at the contract rate, and applicable escrow, if any.

_____ holds a wholly unsecured 2nd mortgage on debtors home which shall be "stripped off" by operation of this plan and treated as an unsecured claim. The debtor may record this plan, The order confirming plan an the discharge entered in this case with the Register of Deeds to act as a discharge of this mortgage. The legal description is attached as exhibit "A".

If the mortgage is in arrears, the arrears will be cured:

  [ ] With interest at the contract rate
  [ ] Without interest (only if mortgage executed after October 22, 1994)

The arrearage shall include any mortgage payments due but not made prior to the date of confirmation. Cure of any arrearage shall be paid in full within 36 months in the manner as recited below.

   **2. Residential Land Contract**

[ ] _____ is a vendor with respect to an executory contract for the purchase of the assisted person's residence. The assisted person assume this executory contract.

If the contract is in default, the default will be promptly cured and the creditor will be compensated for any actual pecuniary loss resulting from the default.

   **3. Arrearage on the Residence**

Cure of any arrearage or contract default, due prior to the date of confirmation, shall be by payment in full during the term of the plan in the following manner.
  [ ]   Pro-rata with other secured claims
  [ ]   In advance of all secured claims except the maintenance of the regular mortgage or land contract payments;

   **4. Escrow Adjustments**

This creditor may adjust the escrow, if any, in accordance with the contract upon notification to the Trustee and the assisted person's attorney. The Trustee is authorized to submit an amended payment order for entry without further notice to reflect any increased obligation caused by an escrow adjustment.

**E) Other Secured Claims**

Thereafter, the Trustee shall pay all other allowed secured claims. Creditors holding secured claims shall retain their liens and be paid as follows:

1. Secured Creditors With Claims Arising Within 910 Days. With the exception of those "crammed down" claims as listed in ¶(E)(2) below, secured creditors, their collateral, interest rates and monthly payments are as follows:

| Creditor | Collateral | Interest | Total Claim |
|---|---|---|---|
| *Ally Bank | 2009 Sierra | contract | |
| *Ally Bank | 2006 Malibu | contract | |

*Paid Outside the Plan

2. Secured Creditors With Claims Being Crammed Down Per §1322. Secured creditors with claims that can be crammed down, their collateral, its fair market value, the annual interest rate to be paid, and estimate of the total claim amounts are as follows:

| Creditor | Collateral | FMV | Interest | Total Claim |
|---|---|---|---|---|

The assisted person has stated the value of the collateral as listed above. If a secured creditor claims a different value, interest rate, or monthly payment, then that creditor **MUST TIMELY OBJECT TO THE CONFIRMATION OF THIS PLAN, AND THE VALUE AND/OR INTEREST RATE DISPUTE WILL BE LITIGATED AND DECIDED AS PART OF THE CONFIRMATION HEARING**. Failure to timely object to the confirmation of this plan shall be deemed to be an acceptance of this plan's statement of claim terms. This is notice that the confirmation hearing shall include a hearing on all terms of your secured claim.

Although in your opinion, your claim is a secured claim, it may nonetheless be classified as an unsecured claim, and be treated as such. **IT IS THE ASSISTED PERSON'S INTENT TO PROVIDE FOR EVERY CLAIM UNLESS SPECIFICALLY STATED OTHERWISE. UNLESS YOUR CLAIM IS SET FORTH SPECIFICALLY IN THIS PLAN AS A SECURED CLAIM, THE ASSISTED PERSON IS PURPOSELY CLASSIFYING YOUR CLAIM AS UNSECURED DESPITE YOUR BELIEF THAT IT IS A SECURED CLAIM. ACCORDINGLY, YOU MUST EITHER TIMELY OBJECT TO CONFIRMATION OF THIS PLAN OR BE DEEMED TO HAVE ACCEPTED THIS PLAN'S TREATMENT OF YOUR CLAIM AS PROVIDED HEREIN.**

**F. Priority Unsecured Claims**

Unless otherwise provided for below, all claims entitled to priority status pursuant to 11 U.S.C. §507 shall be paid in full through the plan in deferred cash payments (with the exception of domestic support obligations pursuant to 11 U.S.C. §507(A)(1) - (3) as set forth above in ¶2(B)). No distribution shall be made to claims entitled to priority status pursuant to §507 unless a proof of

claim has been timely filed. Claims entitled to priority status, for which a proof of claim has been timely filed, shall be paid as follows:

After payment of all timely administrative expense claims, priority unsecured claims shall be paid as follows:
- [X] Subsequent to the regular periodic payment due on the assisted person's residence, but together with all remaining secured claims, on a pro-rata basis;
- [ ] Pro-rata, but subsequent to the payment of all secured claims;
- [ ] Other:

### G. Special Unsecured Claims

The timely filed claims of the following unsecured creditors shall be paid in full with interest at the original contract rate, and in the same manner that secured claims are paid:

Creditor

The reason for special treatment is as follows:
- [ ] The claim is one on which an individual other than the assisted person is also liable or has pledged his/her own property.
- [ ] The claim is not dischargeable, or is otherwise entitled to special treatment for the following reasons:

### H. General Unsecured Claims

After payment of all claims described above, the Trustee shall disburse on a pro-rata basis any remaining funds to general unsecured creditors whose claims are timely filed.

An estimate of the percentage dividend to be paid to unsecured creditors is contained on the attached worksheet. The present value of the amount to be distributed to general unsecured creditors through this plan is not less than the amount that would be paid on such claims if the estate of the assisted person was liquidated under Chapter 7, as shown in the liquidation analysis set forth at the end of the plan.

- [ ] Additionally, timely filed general unsecured claims shall receive 5% annual interest until paid in full.

### 3. UNSCHEDULED CREDITORS FILING CLAIMS

If a creditor's claim is not listed in the schedules, but the creditor nonetheless timely files a proof of claim, the Trustee is authorized to classify the claim into one of the classes described above, and to pay the claim consistent with that classification.

## 4. POST-PETITION CLAIMS

After all notice requirements have been satisfied, any post-petition claim filed and allowed under 11 U.S.C. §1305 shall be paid in the same manner that claims of a similar type are paid (e.g.: post-petition tax claims entitled to priority shall be paid allowed pre-petition priority tax claims, post-petition non-priority unsecured claims will be paid as allowed pre-petition non-priority unsecured claims, etc.).

## 5. CREDITORS TO BE PAID DIRECTLY BY ASSISTED PERSON(S)

The following creditors shall be paid directly by the assister persona and not by the Trustee as the assisted person is current on the debt(s), and the fair market value of the collateral exceeds the creditor's claim:

| **Creditor** | **Collateral** |
|---|---|
| *Ally Bank | 2009 Sierra |
| *Ally Bank | 2006 Malibu |

The automatic stay with respect to enforcement of the lien on the above collateral shall be lifted upon confirmation of the plan. During the pendency of the case pre-confirmation, each creditor may continue to provide monthly invoices to the assisted person and forwarding of invoices will not be considered a violation of any automatic stay provision of the Code.

## 6. COLLATERAL TO BE SURRENDERED

The assisted person holds collateral which shall be surrendered within 30 days after confirmation of the plan to the following secured creditor(s) in satisfaction of the secured claim(s).

| **Creditor** | **Collateral** |
|---|---|
| Bank of America | 3622 Churchill, Flint, MI |
| Bank of America | 2310 Keller, Flint, MI |

The automatic stay with respect to enforcement of the lien on the above collateral shall be lifted upon confirmation of the plan.

## 7. UNEXPIRED LEASES ON REAL AND PERSONAL PROPERTY

The assisted person assumes the following executory unexpired leases:

During the term of this plan, the Trustee shall pay $___.00___ per month to this Lessor.
[ ]  If the lease is in arrears, the arrears will be cured and shall include any lease payments due but not made prior to the date of confirmation. Cure of any arrears shall be paid in full upon the effective date of the plan.

Those not listed herein are rejected. The automatic stay shall be lifted upon confirmation of the plan with respect to any executory contract or unexpired lease assumed, that is to be paid directly by the assisted person.



## 8. PROPERTY OF THE ESTATE AND DISPOSAL OF NON-EXEMPT PROPERTY

Upon confirmation of the plan, all property of the estate shall vest in the assisted person, except for the future earnings of the assisted person which is property specifically devoted to the plan. Further, the assisted person may not dispose of any claimed non-exempt real or personal property without complying with applicable bankruptcy statue or rule.

## 9. INJUNCTION AGAINST FUTURE INDEBTEDNESS

Upon confirmation of the plan, the assisted person may not, during the plan's term, incur credit in excess of $1,000.00 without prior consent of the Trustee.

## 10. PROHIBITION AGAINST TAX SET-OFFS AND TAX RETURN DISCLOSURE

Any pre-petition or post-petition tax refund due the assisted person shall not be used by any government agency to set-off any pre-petition obligation of the assisted person.

All tax returns which the assisted person was required to file before the petition for relief were in fact filed except as follows:

Any due but unfiled tax returns shall be filed by the assisted person within 7 days prior to the §341 First Meeting of Creditors as required by 11 U.S.C. §1308.

## 11. DISCHARGE AND DUTY OF SECURED CREDITORS

After completion by the assisted person of all payments under this plan:

- a) The assisted person will receive a discharge of debts; and
- b) Any secured creditor that has received payment of its secured claim pursuant to the provisions of the plan shall execute and deliver to the assisted person such mortgage discharge, release or termination statement required by law.

## 12. OTHER PROVISIONS

[ ]  The assisted person(s) is/are self-employed and:

    [ ] does not      [ ] does      incur trade credit.

[ ]  The plan includes the following additional provision(s):

Dated: 11-5-10                                                   /s/   Richard T. Ponsetto, Jr.
Richard T. Ponsetto, Jr. (P38905)
Attorney for Assisted Person(s)
2425 S. Linden Rd. Ste. C
Flint, MI 48532
(810) 720-4333
consumerdebtlaw@yahoo.com

## LIQUIDATION ANALYSIS

If this were a case under Chapter 7, the dividend to unsecured creditors is estimated as follows:

| ITEM | VALUE | LIEN | EQUITY | EXEMPT | NON-EXEMPT |
|---|---|---|---|---|---|
| Residence per '522(d)(1) | $12,000.00 | $44,000.00 | $0.00 | $0.00 | $0.00 |
| Motor Vehicles per '522(d)(2) | $31,000.00 | $35,000.00 | $0.00 | $0.00 | $0.00 |
| Household Use per '522(d)(3) | $4,800.00 | $0.00 | $4,800.00 | $4,800.00 | $0.00 |
| Personal Jewelry per '522(d)(4) | $1,000.00 | $0.00 | $1,000.00 | $1,000.00 | $0.00 |
| Trade Tools per '522(d)(6) | | | | | |
| Life Insurance per '522(d)(7) & (8) | $10,000.00 | $0.00 | $10,000.00 | $10,000.00 | $0.00 |
| Benefits per '522(d)(10)(A)-(E) | | | | | |
| Other Property per '522(d)(5) | $15,350.00 | $0.00 | $15,350.00 | $11,975.00 | $3,375.00 |
| Total | | | | | |

NOTES:

# Chapter 13 Model Worksheet

| Plan Payments: | | Totals |
|---|---|---|
| Pre-Confirmation:<br>  1   Periodic Payments | $ 122  each | $122.00 |
| Post-Confirmation<br>  60   Periodic Payments | $ 122   each | $7,320.00 |
| Estimated Tax Refunds | | $ |
| Other Funding Provision | | $ |
| **TOTAL ESTIMATED PLAN PAYMENTS** | | $7,442.00 |
| **DISBURSEMENTS** | | |
| Trustee Fees | $373.00 | |
| DSO | $ | |
| Attorney Fees | $3,024.00 | |
| House Payments<br>__ payments x $each | $ | |
| Escrow<br>_____ payments x $  each | $ | |
| Arrearage (including interest) | $ | |
| **SECURED CLAIMS (INCLUDING INTEREST)** | | |
| Creditor: | $ | |
| Creditor: | $ | |
| **PRIORITY CLAIMS** | | |
| Creditor: | $ | |
| **SPECIAL UNSECURED CLAIMS** | | |
| Creditor: | $ | |
| **TOTAL ADMINISTRATIVE, DSO, SECURED, PRIORITY & SPECIAL CLAIMS** | | $3,397.00 |
| **ESTIMATED FUNDS FOR UNSECURED CLAIM** | | $4,045.00 |
| Unsecured Claims Per Schedule F | $54,000.00 | |
| Secured Deficiency Claims | $0.00 | |
| Total Non-Priority Unsecured Claims | | $54,000.00 |
| **ESTIMATED PERCENTAGE DIVIDEND TO NON-PRIORITY UNSECURED CLAIMS** | | 7% |

**THIS COMPUTATION OF THE PERCENTAGE DIVIDEND IS AN ESTIMATE ONLY**